No. 2022-2090

# United States Court of Appeals
# for the Federal Circuit

**KOSS CORPORATION**
*Appellant*

v.

**BOSE CORPORATION,**
*Appellee*

**Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Case No. IPR2021-00297**

**APPELLEE BOSE CORPORATION'S MOTION TO DISMISS**

Michael N. Rader
Gregory S. Nieberg
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY 10158

Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
BOSTON, MA 02210

*Counsel for Appellee Bose Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2022-2090 |
| **Short Case Caption** | Koss Corporation v. Bose Corporation |
| **Filing Party/Entity** | Bose Corporation |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/20/2023

Signature:  /s/ Michael N. Rader

Name:  Michael N. Rader

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Bose Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# **TABLE OF CONTENTS**

Introduction ...................................................................................................1

Background ....................................................................................................2

Argument........................................................................................................4

Conclusion .....................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Angel v. Bullington*,
 330 U.S. 183 (1947) ...................................................................7

*Apple Inc. v. Qualcomm Inc.*,
 17 F.4th 1131 (Fed. Cir. 2021) ...............................................9

*Apple Inc. v. Voip-Pal.com Inc.*,
 976 F.3d 1316 (Fed. Cir. 2020) ...............................................6

*Apple, Inc. v. Universal Secure Registry LLC*,
 857 F. App'x 658 (Fed. Cir. 2021)...........................................7

*Bd. of License Comm'rs of Town of Tiverton v. Pastore*,
 469 U.S. 238 (1985) ...................................................................4

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*,
 402 U.S. 313 (1971) .......................................................... 1, 2, 6

*Calderon v. Moore*,
 518 U.S. 149 (1996) ...................................................................4

*Cigar King LLC v. Corporation Habanos, S.A.*,
 560 F. App'x 999 (Fed. Cir. 2014)...........................................8

*Evans v. United States*,
 694 F.3d 1377 (Fed. Cir. 2012) ...............................................8

*Hartley v. Mentor Corp.*,
 869 F.2d 1469 (Fed. Cir. 1989) ...........................................5, 6

*Imperium IP Holdings v. Samsung Elecs. Co.*,
 757 F. App'x 974 (Fed. Cir. 2019)...........................................6

*Invitrogen Corp. v. Clontech Lab'ys., Inc.*,
 429 F.3d 1052 (Fed. Cir. 2005)................................................5

*Karcher v. May*,
 484 U.S. 72 (1987) .....................................................................8

*Koss Corp. v. Bose Corp.*,
  1:20-cv-12193-RGS (D. Mass.) .............................................................2

*Koss Corp. v. Plantronics, Inc.*,
  4:21-cv-03854-JST (N.D. Cal.) ................................................... 2, 3, 5

*Olaplex, Inc. v. L'Oreal USA, Inc.*,
  845 F. App'x 943 (Fed. Cir. 2021) ...................................................5

*RF Del., Inc. v. Pac. Keystone Techs., Inc.*,
  326 F.3d 1255 (Fed. Cir. 2003) .......................................................6

*Synopsys, Inc. v. Lee*,
  812 F.3d 1076 (Fed. Cir. 2016) .......................................................4

*U.S. Bancorp Mortg. Co v. Bonner Mall P'ship*,
  513 U.S. 18 (1994) ............................................................................8

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950) .........................................................................7, 8

*United States v. Sanchez-Gomez*,
  138 S. Ct. 1532 (2018) .....................................................................1

*Visa Inc v. Universal Secure Registry, LLC*,
  857 F. App'x 1029 (Fed. Cir. 2021) ...............................................7

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018) .......................................................7

## STATUTES

35 U.S.C. § 101 ............................................................................. passim

35 U.S.C. § 103 ................................................................................2, 4

## RULES

Fed. R. App. P. 4(a)(1)(A) .............................................................4, 8

- iv -

## CONSTITUTIONAL PROVISIONS

U.S. CONST. art. III, § 2 ..............................................................................4

Pursuant to Federal Rule of Appellate Procedure 27(a) and this Court's rules, Appellee Bose Corporation moves to dismiss this appeal as moot.[1]

## INTRODUCTION

This appeal has become moot due to an intervening event that occurred while the appeal was pending. Koss Corporation, the appellant here, asserted the patent at issue in this appeal (U.S. Patent No. 10,368,155, "the '155 patent") against a third party in the Northern District of California. The district court in that case found all claims of the '155 patent invalid. Subsequently, while this appeal was pending, that case was dismissed with prejudice, and Koss elected not to appeal the final judgment of invalidity. Because the claims at issue in this appeal (*i.e.*, claims 11 and 12) have been finally adjudicated invalid, and that decision is no longer subject to appeal, the claims can no longer be asserted against Bose. *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 339-40 (1971) ("[A] patentee, having been afforded the opportunity to exhaust his remedy of appeal from a holding of invalidity, has had his 'day in court' and should not be allowed to harass others on the basis of an invalid claim."). With no case or controversy remaining between Koss and Bose with respect to claims 11 and 12 of the '155 patent, this appeal is now moot and should be dismissed. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018).

---

[1] Bose is also moving to dismiss related appeals 23-1173, 23-1179, 23-1180, and 23-1191 for the same reason.

**BACKGROUND**

This appeal concerns the final decision of the Patent Trial and Appeal Board ("PTAB") that the claims of the '155 patent are unpatentable under 35 U.S.C. § 103. Koss appealed that decision only as to claims 11 and 12. Koss Br. at 20.

In July 2020, Koss filed lawsuits asserting the '155 patent against several headphone manufacturers, including Bose and Plantronics, Inc. Koss Br. at 7-9; *Koss Corp. v. Plantronics, Inc.*, 4:21-cv-03854-JST (N.D. Cal.) ("*Plantronics*").[2]

Plantronics moved to dismiss Koss's first amended complaint on the ground that all claims of the asserted patents, including all claims of the '155 patent, are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter. *Plantronics*, ECF No. 80 (Nov. 1, 2021). The motion to dismiss was fully briefed. *Id.*, ECF Nos. 82 (Nov. 15, 2021), 83 (Nov. 22, 2021). The district court granted the motion, finding all claims of the asserted patents, including all claims of the '155 patent, invalid under 35 U.S.C. § 101. *Plantronics*, ECF No. 88 (Nov. 16, 2022).

---

[2] Koss's case against Bose is stayed pending this appeal (and the related appeals). *Koss Corp. v. Bose Corp.*, 1:20-cv-12193-RGS, ECF. Nos. 30, 33, 59-60 (D. Mass.). Once this appeal is dismissed, Bose expects that Koss will voluntarily dismiss its district court complaint with prejudice. If not, Bose will move to dismiss it. *See Blonder-Tongue*, 402 U.S. at 339.

The district court granted Koss leave to amend. *Id.* at 16. Koss then filed a second amended complaint in which it elected not to re-assert the '155 patent against Plantronics. *Plantronics*, ECF No. 91 (Dec. 7, 2022). Plantronics then moved to dismiss the second amended complaint, again on the ground that the claims of the remaining asserted patents are unpatentable under 35 U.S.C. § 101. *Plantronics*, ECF No. 93 (Dec. 21, 2022). The motion was fully briefed. *Id.*, ECF Nos. 96 (Jan. 11, 2023), 98 (Jan. 25, 2023).

Rather than wait for the district court to decide the second motion to dismiss, Koss voluntarily stipulated to dismiss the litigation with prejudice. *Plantronics,* ECF No. 101 (Aug. 4, 2023). In doing so, Koss did not ask the district court to vacate its earlier order finding all claims of the asserted patents unpatentable. The district court subsequently entered an order formally dismissing Koss's suit against Plantronics with prejudice. *Plantronics*, ECF No. 102 (Aug. 4, 2023).

The deadline for Koss to appeal the district court's final judgment was September 5, 2023. Fed. R. App. P. 4(a)(1)(A). Koss did not appeal.

Bose discussed this motion with counsel for Koss on September 18, 2023. Counsel for Koss stated that Koss opposes the motion and will file a response.

# ARGUMENT

Bose respectfully moves to dismiss this appeal because it has become moot. *Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) ("When a development ... could have the effect of depriving the Court of jurisdiction due to the absence of a continuing case or controversy, that development should be called to the attention of the Court without delay.") (emphasis omitted).

The Constitution limits the "judicial power" vested in the courts to "Cases" or "Controversies." U.S. CONST. art. III, § 2. "It is well settled that the case-or-controversy requirement, including mootness, subsists through all stages of federal judicial proceedings, trial and appellate." *Synopsys, Inc. v. Lee*, 812 F.3d 1076, 1078 (Fed. Cir. 2016) (quotation marks omitted). It follows, therefore, that "an appeal should ... be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quotation marks omitted).

The district court's final judgment of invalidity is an intervening event that moots this appeal because it eliminates this Court's ability to grant Koss effectual relief. Even if this Court were to reverse the PTAB's finding that claims 11 and 12 of the '155 patent are invalid under 35 U.S.C. § 103, the district court's final judgment that those claims are invalid under 35 U.S.C. § 101 would remain, and that judgment would bar Koss from asserting those claims against Bose (or others).

The district court's decision holding claims 11 and 12 of the '155 patent invalid under 35 U.S.C. § 101 is plainly final and not subject to appeal.

First, there is no dispute that Koss voluntarily dismissed all its claims ***with prejudice*** and that the district court subsequently entered an order dismissing Koss's complaint ***with prejudice***. *Plantronics*, ECF Nos. 101, 102. A stipulated dismissal with prejudice, even when executed as part of a settlement, is a final judgment that "operates as an adverse adjudication on the merits of a claim." *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1473 (Fed. Cir. 1989).

Second, "[a]s a general proposition, when a trial court disposes finally of a case, any interlocutory rulings merge with the final judgment." *Invitrogen Corp. v. Clontech Lab'ys., Inc.*, 429 F.3d 1052, 1069 (Fed. Cir. 2005). The "merger rule permits parties to appeal interlocutory rulings as part of an appeal of a final judgment." *Olaplex, Inc. v. L'Oreal USA, Inc.*, 845 F. App'x 943, 948 (Fed. Cir. 2021). The district court's order finding all claims of the '155 patent invalid under 35 U.S.C. § 101 was therefore merged into the district court's subsequent final judgment dismissing Koss's claims with prejudice, and the merits of the patent invalidity order therefore could have been appealed to this Court.

Third, the deadline for Koss to appeal the district court's order finding the claims of the '155 patent invalid was September 5, 2023, *i.e.*, 30 days after the district court dismissed the case with prejudice. Fed. R. App. P. 4(a)(1)(A). Koss did not file such an appeal, nor did it ask the district court to vacate its invalidity order, nor did it condition its apparent settlement with Plantronics on vacatur of that order. *Hartley*, 869 F.2d at 1473 (explaining that, in the Ninth Circuit,[3] "to be assured that [a] judgment ... would have no collateral estoppel effect," the losing party "would have had to have the [district] court vacate its order").

Given the above facts, the district court's decision that the '155 patent claims are invalid is plainly final and no longer subject to appeal. The claims thus can no longer be asserted by Koss against Bose, eliminating any case or controversy between the parties. *See Blonder-Tongue*, 402 U.S. at 339; *Imperium IP Holdings v. Samsung Elecs. Co.*, 757 F. App'x 974, 980 (Fed. Cir. 2019) (after claims found invalid in parallel proceeding, "[l]iability based on those claims, therefore, is now precluded"); *Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1321 (Fed. Cir. 2020) (finding PTAB appeal moot where this Court affirmed a separate district court § 101 invalidity finding concerning certain claims overlapping between the two appeals because the petitioner "no longer has the potential for injury").

---

[3] *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (holding that, because it is "a purely procedural issue," the law of the regional circuit applies to collateral estoppel with respect to the effect of a previous judgment).

This appeal is not substantively different from the many appeals this Court has dismissed as moot when a parallel invalidity determination regarding the same claims becomes final. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294-95 (Fed. Cir. 2018) (dismissing appeal of district court judgment after PTAB decision invalidating the appealed claims was affirmed; "We find that an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions."); *Visa Inc v. Universal Secure Registry, LLC*, 857 F. App'x 1029, 1029-30 (Fed. Cir. 2021) (dismissing PTAB appeal after district court § 101 invalidity order was affirmed); *Apple, Inc. v. Universal Secure Registry LLC*, 857 F. App'x 658, 658-59 (Fed. Cir. 2021) (same). That the district court's § 101 order was not appealed, rather than affirmed, makes no difference. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) ("[T]he judgment in the first suit would be binding in the subsequent ones if an appeal, though available, had not been taken or perfected."); *Angel v. Bullington*, 330 U.S. 183, 189 (1947) ("If a litigant chooses not to continue to assert his rights after an intermediate tribunal has decided against him, he has concluded his litigation as effectively as though he had proceeded through the highest tribunal available to him."). Accordingly, because the district court's final judgment that the claims of the '155 patent are invalid renders this appeal moot, the appeal should be dismissed.

Finally, although the "established practice" when a case on appeal becomes moot is to vacate the judgment below and remand with a direction to dismiss, *see Munsingwear*, 340 U.S. at 39, an exception to that practice applies here. This Court has explained that the proper practice when an appeal becomes moot due to the appellant's own actions is to dismiss the appeal, but not order vacatur. *Evans v. United States*, 694 F.3d 1377, 1381 (Fed. Cir. 2012) (citing *U.S. Bancorp Mortg. Co v. Bonner Mall P'ship*, 513 U.S. 18, 20 (1994), and explaining that "[t]he Supreme Court has recognized exceptions to this practice if the party seeking appellate relief fails to protect itself or is the cause of the subsequent mootness").

Here, this appeal became moot because Koss—the appellant—decided not to appeal the district court's § 101 invalidity order after it became final.[4] This makes Koss the "cause of the subsequent mootness." *Id.* Accordingly, this appeal should be dismissed, but the underlying final written decision of patent invalidity from the PTAB should not be vacated. *Karcher v. May*, 484 U.S. 72, 83 (1987) (denying vacatur when a case is moot only because the losing party failed to pursue an appeal); *Cigar King LLC v. Corporation Habanos, S.A.*, 560 F. App'x 999, 1002 (Fed. Cir. 2014) (dismissing appeal as moot and declining to vacate Trademark Trial and Appeal Board decision where appellant's "unilateral action" caused mootness);

---

[4] As noted above, Koss also dropped the '155 patent (*i.e.*, did not assert it in the second amended complaint) even before dismissing its case with prejudice.

*Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137 (Fed. Cir. 2021) (explaining that vacatur is not warranted when "jurisdiction-destroying event" is one the appellant "voluntarily entered").

## CONCLUSION

Because this appeal is now moot due to Koss's strategic decision in a parallel proceeding, and to avoid wasting judicial resources on two patent claims that are already finally held invalid, Bose respectfully requests that this Court dismiss this appeal.

Respectfully submitted,

Date:  September 20, 2023

/s/ Michael N. Rader

Michael N. Rader
Gregory S. Nieberg
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY 10158

Nathan R. Speed
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
BOSTON, MA 02210

*Counsel for Appellee Bose Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify under Fed. R. App. P. 27(d)(2)(A) that this motion contains 1,871 words, as determined by the automated count feature of Microsoft Word, and excluding the parts of the motion exempted by Fed. Cir. R. 27(d); and that this motion complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E).


Dated:  September 20, 2023          */s/ Michael N. Rader*
_____
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY 10158

*Counsel for Appellee Bose Corporation*

## <u>CERTIFICATE OF SERVICE AND FILING</u>

I hereby certify that on September 20, 2023, I electronically filed, or caused to be filed, the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all registered users.

Dated:  September 20, 2023        */s/ Michael N. Rader*
                                     Michael N. Rader
                                     WOLF, GREENFIELD & SACKS, P.C.
                                     605 Third Avenue
                                     New York, NY 10158

                                     *Counsel for Appellee Bose Corp.*