No. 2022-2090

# United States Court of Appeals for the Federal Circuit

KOSS CORPORATION
*Appellant*

v.

BOSE CORPORATION
*Appellee*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2021-00297

### Appellant Koss Corporation's Combined Petition for Panel Rehearing and Rehearing En Banc

August 19, 2024

MARK G. KNEDEISEN
CHRISTOPHER M. VERDINI
RAGAE GHABRIAL
BRIAN P. BOZZO
LAURÉN S. MURRAY
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500
mark.knedeisen@klgates.com
christopher.verdini@klgates.com
ragae.ghabrial@klgates.com
brian.bozzo@klgates.com
lauren.murray@klgates.com

*Counsel for Appellant Koss Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-2090

**Short Case Caption** Koss Corporation v. Bose Corporation

**Filing Party/Entity** Koss Corporation

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/19/2024

Signature: /s/ Mark G. Knedeisen

Name: Mark G. Knedeisen

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Koss Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

## TABLE OF CONTENTS

**RULE 35(B) STATEMENT**..........................................................................1

**REASONS FOR GRANTING THE PETITION** ................................2

**SUMMARY OF THE APPEALED FINAL WRITTEN DECISION**.................6

**SUMMARY OF THE PANEL DECISION**.........................................10

**ARGUMENT** .......................................................................................12

I. ISSUE PRECLUSION CANNOT APPLY BECAUSE THE AMENDED CLAIMS IN THE SECOND AMENDED COMPLAINT HAVE NOT BEEN "ACTUALLY LITIGATED" ................................................................12

*A. The Claims and Disputes Presented in the Second Amended Complaint Have Never Been Reviewed or Dismissed by Any Court* ................................12

*B. The Case Law Relied Upon by this Court is Inapposite and Inconsistent with Supreme Court and Ninth Circuit Law* ....................................16

*C. This Court's Jurisdiction Rulings Preclude Issue Preclusion* ..................18

II. CONCLUSION ................................................................................19

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)....................................................................15

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015).................................................................3, 13

*Cromwell v. Sac Cnty.*,
    94 U.S. 351 (1876)........................................................................3

*Exeltis USA, Inc. v. First Databank, Inc.*,
    779 F. App'x 486 (9th Cir. 2019) ...........................................1,16, 17

*Google LLC v. Hammon Dev. Int'l, Inc.*,
    54 F.4th 1377 (Fed. Cir. 2022) ............................................13

*Gronholz v. Sears, Roebuck & Co.*,
    836 F.2d 515 (Fed. Cir. 1987) ..............................................19

*Hall v. Beals*,
    396 U.S. 45 (1969)....................................................................16

*Hartley v. Mentor Corp.*,
    869 F.2d 1469 (Fed. Cir. 1989) ...........................................10, 17, 19

*Lacey v. Maricopa Cnty.*,
    693 F.3d 896 (9th Cir. 2012) ........................................*passim*

*Liberi v. Def. Our Freedoms Founds., Inc.*,
    509 F. App'x 595 (9th Cir. 2013)....................................................18

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979).....................................................................13

*PlanetID, LLC v. Digify, Inc.*,
    No. 19-CV-04615-JST, 2021 WL 567371 (N.D. Cal. Jan. 12,
    2021) .................................................................................13, 14

*Rearden LLC v. TWDC Enters. 18 Corp.*,
    No. 22-cv-02464 (N.D. Cal. Feb. 21, 2023).....................................14

*S. Pac. R. Co. v. United States*,
   168 U.S. 1 (1897) .............................................................................................3

*Wolfson v. Brammer*,
   616 F.3d 1045 (9th Cir. 2010) ....................................................................13, 14

*Zenith Elecs. Corp. v. Exzec, Inc.*,
   182 F.3d 1340 (Fed. Cir. 1999) ...................................................................18, 19

## RULE 35(b) STATEMENT

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting question(s) of exceptional importance:

(1)    Whether issue preclusion applies when a party, after the district court dismissed its claims with leave to replead, amends a complaint to add new claims based on newly pleaded facts, and the new facts and new claims have never been addressed or adjudicated by any tribunal?

Suggested Answer:  No, because the new claims were never actually litigated and resolved on the merits.

Based on my professional judgment, I also believe the panel decision is contrary to the precedent of the Ninth Circuit set forth in:

*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); and *Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486 (9th Cir. 2019).[1]

*/s/ Mark G. Knedeisen*
Mark G. Knedeisen
Attorney for Koss Corporation

---

[1]    *Exeltis* is precedential when relevant to the rules of claim preclusion or issue preclusion.  9th Cir. R. 36-3 (citation of unpublished opinions).

## <u>REASONS FOR GRANTING THE PETITION</u>

Issue preclusion cannot attach to a judgment in which the underlying issues were not "actually litigated."  When a district court grants a Rule 12(b)(6) motion to dismiss without prejudice and grants leave to re-plead, and a party subsequently files an amended complaint that raises new claims based on newly pleaded facts, the prior dismissal does not "actually litigate" the new claims in the amended complaint.  In contrast, if a party fails to replead after such a dismissal (meaning that, unlike here, there are no new claims), or if a court instead dismisses the claims with prejudice and without leave to amend, or if a court grants summary judgment, the result is an "actual litigation."

Prior to the panel ruling, no court had ever held that an order granting a motion to dismiss with leave to amend acts as a preclusive resolution of the newly pleaded claims and facts *after* amendment.  Such a rule would render the amended complaint superfluous and ignore the distinction between dismissal with prejudice and dismissal without prejudice with leave to amend.

In an issue of first impression, the Panel improperly dismissed the appeals between Bose and Koss (which involved a challenge to the PTAB's final written decisions) based upon the erroneous conclusion that a Rule 12(b)(6) dismissal without prejudice, with leave to amend, in a separate case involving the same patents, acted as issue preclusion.  More specifically, in *Koss Corp. v. Plantronics,*

*Inc.*, Case No. 4:21-cv-03854 (N.D. Cal.) ("*Plantronics*"), Plantronics obtained an order dismissing Koss's claims with leave to amend. Koss filed an amended complaint adding new causes of action based on newly pleaded facts. Those new causes of action have never been adjudicated. In a case of first impression, a panel of this Court erroneously determined that unadjudicated causes of action, added in an amended complaint and never adjudicated, are precluded under the doctrine of issue preclusion based on the pre-amendment dismissal order. That ruling is contrary to governing law.

United States Supreme Court authority establishes that the doctrine of issue preclusion applies only when the issue of fact or law was "actually litigated." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015); *S. Pac. R. Co. v. U.S.*, 168 U.S. 1, 50 (1897) (citing *Cromwell v. Sac Cnty.*, 94 U.S. 351 (1876)). Here, no court has performed any analysis of the newly pleaded claims (and in fact the PTAB found the newly-pleaded claims patentable). There has been no determination or identification of *any* issue of law or fact actually litigated in the SAC. As a result, there can be no issue preclusion on the claims of the SAC.

The Panel's ruling also conflicts with decades of precedent, which holds that issue preclusion applies only to claims that were actually litigated and does not extend to claims in an amended complaint based upon facts and allegations not included in the original complaint. Claims that have never been analyzed, or ruled

3

upon, by any court are not "actually litigated" and cannot be precluded under the doctrine of issue preclusion.

Reconsideration or rehearing of this case en banc is necessary to correct the Opinion's improper application of *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) and its progeny.  The Ninth Circuit has regularly held, post-*Lacey*, that amended complaints that replead a particular cause of action, render the claims in the original complaint a legal nullity, and declines to hear appeals of any issues tied to the claims in the original complaint.  Yet, under the Opinion's application of *Lacey*, a party is required to appeal an order tied to a claim that became a nullity to avoid preclusion of the amended claims.  Thus, a party is required to bring an appeal the Ninth Circuit prohibits.

The Opinion improperly extends the Ninth Circuit's rule that a cause of action dismissed with prejudice need not be re-pleaded to preserve the issue for appeal.  Consider, for example, a party alleges claims for patent infringement and tortious interference, and the court dismisses the claim for tortious interference with prejudice, *Lacey* dictates the party need not replead the claims dismissed with prejudice to appeal the dismissal after the infringement claim is adjudicated and there is a final judgment.  But when a party amends its infringement claim, after dismissal without prejudice and leave to amend, the prior infringement claim is a nullity.  The Court's Opinion incorrectly requires a party to appeal the original

dismissal of the infringement claim (even after a new complaint is filed), which is impossible in the Ninth Circuit.

The Panel Opinion overlooks the dispositive distinction between this case and *Lacey*. Here, Koss pleaded new claims based on new facts, in its *Plantronics* second amended complaint, whereas in *Lacey* the dismissed claim was not subsequently re-pleaded.

## <u>SUMMARY OF THE APPEALED FINAL WRITTEN DECISION</u>

The Opinion addressed five appeals, all involving *inter partes* review ("IPR") petitions filed by Appellee/Cross-Appellant Bose against patents owned by Appellant Koss.  The first appeal (22-2090) addressed IPR2021-00297, in which Bose challenged claims 1–14 of U.S. Patent No. 10,368,155 ("the '155 Patent").  The Opinion also addressed the consolidated appeals and cross-appeals (2023-1173, 2023-1179, 2023-1180, and 2023-1191) from two additional IPRs.  In the first IPR (IPR2021-00612), Bose challenged claims 1–56 of U.S. Patent No. 10,206,025 ("the '025 Patent"); and in the second IPR (IPR2021-00680), Bose challenged claims 1–22, 32–41, 47, and 49–62 of U.S. Patent No. 10,469,934 ("the '934 Patent").  The three IPRs arose from Koss's allegations, in *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193 (D. Mass.), that Bose infringes the '155 Patent, the '025 Patent, and the '934 Patent.

In the three IPRs, the United States Patent and Trademark Office's ("USPTO") Patent Trial and Appeal Board ("PTAB") held that certain claims of the '155 Patent, the '934 Patent, and the '025 Patent were unpatentable but concluded that other claims were not unpatentable.  Koss and Bose appealed those decisions.  The Opinion does not address the merits of those decisions.

After the conclusion of the merits briefing, Bose moved to dismiss all five appeals as moot in view of a settlement between Koss and Plantronics in *Plantronics*.[2]

In *Plantronics*, Koss filed a First Amended Complaint ("FAC") alleging infringement of at least independent Claim 1 of the '025 Patent (*Plantronics*, ECF No. 71 at 16), independent Claim 1 of the '155 Patent (*id.* at 18), and independent Claim 1 of the '934 Patent (*id.* at 21). The FAC identified only these independent claims as the basis for Koss's infringement claim. Plantronics moved to dismiss the FAC, alleging that the specifically identified claims in the FAC were unpatentable under 35 U.S.C. § 101. *Plantronics*, ECF No. 80. Because only claim 1 from each patent was at issue, the briefing did not independently analyze the dependent claims and made only passing reference to them. *Plantronics*, ECF No. 81 at 12, 14, 16 (Plantronics characterizing groups of dependent claims with two-word phrases and stating that the subject matter of the dependent claims "add[s] only minor detail"); *Plantronics*, ECF No. 82 at 14–15 (Koss's response to the conclusory allegations).

Judge Tigar granted Plantronics's motion to dismiss and granted Koss leave to file a second amended complaint. *Plantronics*, ECF No. 88 at 16. In the dismissal

---

[2]  Bose, as the burden-bearing moving party, did not present the underlying briefing or orders from the *Plantronics* case to the Panel. Koss respectfully requests that the Panel and Court take judicial notice of these filings, or in the alternative grant the parties leave to supplement the record with the *Plantronics* briefing to ensure a complete record.

order, the court noted that the parties did not independently argue the dependent claims and treated the independent claims as representative of the subject matter of the dependent claims. *Id.* at 11–12. But the court granted Koss leave to replead.

Koss filed a Second Amended Complaint ("SAC") in *Plantronics* alleging infringement of certain dependent claims: Claim 4 of the '025 Patent, Claim 4 of the '934 Patent, and Claim 18 of the '325 Patent. *Plantronics*, ECF No. 91. Koss also alleged infringement of other patents, irrelevant to this appeal because they were not asserted against Bose and were not part of the IPR proceedings. The new claims in the SAC relied upon facts not pleaded in the prior complaint, including that the dependent claims were found not unpatentable by the PTAB in the IPR proceedings and also pleaded facts showing that the allegedly infringed dependent claims do not have the same scope as the independent claims analyzed by Judge Tigar. *Id.* ¶¶ 78–109, 130–165.

Plantronics filed a motion to dismiss the SAC. *Plantronics*, ECF No. 93. Before Judge Tigar ruled on the *Plantronics* motion to dismiss the SAC, Koss and Plantronics settled their disputes (including the district court action and IPR challenges filed by Plantronics as IPR2022-01503 and IPR2022-001504). *Plantronics*, ECF No. 102. All claims in *Plantronics* and the related IPRs were dismissed with prejudice.

Bose then moved to dismiss the appeals between Bose and Koss, alleging the *Plantronics* order dismissing the FAC acted as issue preclusion because, although Judge Tigar had never ruled upon the claims asserted in the SAC, the dismissal of the FAC without prejudice and with leave to amend somehow actually litigated the claims Koss raised in the SAC.

## SUMMARY OF THE PANEL DECISION

The Panel agreed with Bose and held that issue preclusion rendered the appeals moot ("Opinion"). Opinion, ECF No. 40 at 6. Specifically, the Panel found that the district court's order addressing the sufficiency of the claims in Koss's FAC precluded Koss from pursuing the unadjudicated claims in the SAC. In doing so, the Panel, in a case of first impression, mistakenly equated a dismissal without prejudice, with leave to amend, followed by amended infringement claims based on different facts (in *Plantronics*) with an order of summary judgment (*Hartley v. Mentor Corp.*, 869 F.2d 1469 (Fed. Cir. 1989)) or a dismissal with prejudice (*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).

The Panel rejected Koss's argument that when Koss filed the SAC, the district court's order became a legal nullity with respect to the claims that Koss amended. Instead, the Panel mistakenly relied upon the rule that a dismissed claim need not be repleaded to be appealed, and reasoned that such rule meant that Koss's filing of the SAC left the district court's order on the FAC as a valid interlocutory order that governed the amended claims, such that Koss had to either appeal that order or ask the district court to vacate it to avoid it becoming a final, preclusive ruling that resolved the SAC.

The Panel did not address the fact that the district court expressly granted Koss leave to amend to address what the district court viewed as correctable insufficiency

and that no court has ever considered the claims in the SAC. The Panel did not examine or address the substantially different allegations in the FAC, deemed insufficient, and those in the SAC.

# ARGUMENT

An order dismissing a claim without prejudice, with leave to amend, does not "actually litigate[] and resolve[]" the sufficiency of claims amended in accordance with that order. In a case of first impression, the Panel determined that, despite Koss's filing of amended claims in the SAC, the order dismissing the predecessor claims in the FAC became a final judgment on the merits as to the amended claims of the SAC, and thereby rendered moot all other actions involving the patents of the *Plantronics* case. The Panel's ruling is inconsistent with the governing law.

## I. ISSUE PRECLUSION CANNOT APPLY BECAUSE THE AMENDED CLAIMS IN THE SECOND AMENDED COMPLAINT HAVE NOT BEEN "ACTUALLY LITIGATED"

The Panel incorrectly held that collateral estoppel precluded any continued action against Bose. The Opinion never addresses the substantive differences between the claims in the FAC dismissed without prejudice and the amended claims in the operative SAC, or acknowledges that no court has ever addressed the sufficiency of the amended claims in the SAC. *Plantronics*, ECF Nos. 71, 91. The Panel erroneously concluded that the SAC had no legal effect, and the order dismissing the predecessor claims in the FAC controls.

### A. The Claims and Disputes Presented in the Second Amended Complaint Have Never Been Reviewed or Dismissed by Any Court

Under Supreme Court precedent, a "'determination [in a prior case] is conclusive in a subsequent action'" only "'[w]hen an issue of fact or law is actually

12

litigated.'" *B&B Hardware, Inc.*, 575 U.S. at 148 (quoting Restatement (Second) of Judgments § 27). To be "actually litigated" and to have a "preclusive effect," the issue must be subject to a merits determination by a court of competent jurisdiction, and a second court must determine that the issue before the second court is identical to the issue decided in the first court. *See Google LLC v. Hammon Dev. Int'l, Inc.*, 54 F.4th 1377, 1381 (Fed. Cir. 2022). The party against whom issue preclusion is asserted must have actually litigated that issue in an earlier action and lost. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979).

The allegations of the SAC (and therefore the issues of fact and law associated therewith) have not been subject to any analysis by *any* court, which means they have not been "actually litigated." It is therefore impossible for the newly pleaded claims in the SAC to have been "actually litigated" for multiple reasons.

First, because the district court granted Koss leave to amend the FAC, the dismissal of the FAC could not constitute an "adjudication on the merits" of the amended infringement claims in the SAC. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065 (9th Cir. 2010) (finding dismissal for "curable defect" was "***not an adjudication of the merits***" and "as a curable defect, a second action on the same claim is permissible after correction of the deficiency"). Judge Tigar regularly grants motions to dismiss with prejudice when deciding early validity issues under 35 U.S.C. § 101. *See, e.g.*, *PlanetID, LLC v. Digify, Inc.*, No. 19-CV-04615-JST, 2021

13

WL 567371, at *10 (N.D. Cal. Jan. 12, 2021). However, where Judge Tigar determines that claims could be saved by amendment, he invites repleading. *See, e.g.*, *Rearden LLC v. TWDC Enters. 18 Corp.*, No. 22-cv-02464 (N.D. Cal. Feb. 21, 2023) (dismissing under 101 with leave to replead and denying subsequent motion to dismiss under 101 based on amended complaint). That is exactly what occurred here.

Second, the district court did not analyze the dependent claims Koss asserted in the SAC. *Plantronics*, ECF No. 80 at 11. The district court concluded that the briefing regarding the FAC "present[ed] no 'meaningful argument' about any of the dependent claims[,]" and granted Koss leave to amend to address the alleged pleading deficiencies. *Id.* Koss did just that in its SAC. Accordingly, the district court's first dismissal cannot have preclusive effect because the basis for alleging infringement was different in the SAC. *See Wolfson*, 616 F.3d at 1065.

In the SAC, Koss (for the first time) specifically pleaded infringement of Claim 4 of the '025 Patent, Claim 4 of the '934 Patent, and Claim 18 of the '325 Patent. *Plantronics*, ECF No. 91.

Accompanying the newly asserted claims, Koss pleaded factual allegations establishing that, for example, Claim 4 of the '025 Patent is patent eligible subject matter and contains inventive concepts under *Alice*, steps 1 and 2. *Id.* ¶¶ 101–107.

The SAC further alleges that the PTAB had already found the claims of the SAC to be not unpatentable, confirming that Judge Tigar's treatment of the dependent claims as patentably indistinct was incorrect. *Id.* ¶¶ 78–84. The PTAB's treatment of the claims repleaded in the SAC is important because the only substantive analysis in Judge Tigar's order is the eligibility of Claim 1; the PTAB confirmed that Claim 4 is patentably distinct from Claim 1.

The SAC also alleges that the USPTO (while examining then-pending now-allowed patent applications) "carefully reviewed" Judge Tigar's order and found the subject matter of the newly pleaded claims of the SAC to be patentable subject matter under 35 U.S.C. § 101. *Id.* ¶¶ 104–107. Koss included similar allegations when alleging infringement of the other patent claims asserted against Bose. SAC ¶¶ 78–109, 130–165. These new facts are the type of unaddressed allegations invited by the offer to replead and were never ruled upon by any court. The newly alleged claims and newly pleaded facts of the SAC have not been actually litigated.

Conversely, the '155 Patent pleaded only in the FAC, not re-pleaded in the SAC, was actually litigated. As Judge Tigar's order notes, failure to re-allege a claim in an amended complaint, "will result in dismissal with prejudice." *Plantronics*, ECF No. 88 at 16. While the dismissal of the '155 Patent is a claim that was actually litigated (by not being part of the SAC) and merged into final judgment. Conversely, the claims of the '025 Patent and '934 Patent that were identified in the SAC do not

have a corresponding order addressing their patentability.  *See Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486, 487 (9th Cir. 2019) ("As a general rule, 'an amended complaint supersedes the original complaint and renders it without legal effect.'" (citing *Lacey*, 693 F.3d at 927)).  The treatment of the '155 Patent cannot be the same as the claims repleaded in the SAC.

*Exeltis*, in a post-*Lacey* clarification, reasoned that "the original complaint is a nullity [and] [e]xpressing [its] views on the claims in the original complaint would be expressing [its] views on 'abstract propositions of law'" at odds with Supreme Court authority.  *Id.* (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

**B. The Case Law Relied Upon by this Court is Inapposite and Inconsistent with Supreme Court and Ninth Circuit Law**

The Panel identified no cases where dismissal without prejudice directed to a non-operative complaint merges into a final and appealable judgment upon settlement and termination of the case, and serves as an adjudication on the merits of amended claims, because no such law exists.

The Panel relied upon *Hartley* and *Lacey* to support its application of issue preclusion.  Those cases, however, are inapposite because they rely upon a factual predicate that is wholly absent here, i.e., there was no plausible outcome other than dismissal of the claims because the dismissal was either with prejudice or based upon a summary judgment order.  Such a factual predicate does not exist here.

16

In *Hartley*, the court addressed a prior litigation wherein the "question of validity . . . was actually litigated." *Hartley*, 869 F.2d at 1471. The district court granted **summary judgment** that the asserted patent was invalid under 35 U.S.C. § 102(b) based on the on-sale bar. *Id.* Summary judgment necessarily is an adjudication on the merits. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The claims of the SAC, in contrast, have never been adjudicated

*Lacey* likewise is inapposite. The *Lacey* court held "[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." *Lacey*, 693 F.3d at 928. Here, the claims the Panel found precluded were not dismissed with prejudice and without leave to amend. They were dismissed with leave to amend, and Koss amended its infringement claims in the SAC. *Lacey* does not support the argument that claims newly asserted in an amended complaint are somehow adjudicated as insufficient by the order dismissing their predecessors, with leave to amend, in a prior complaint.

The Ninth Circuit has regularly held, post-*Lacey*, that claims in an original complaint become a nullity upon the filing of amended claims, and it lacks jurisdiction to review the amended claims. *Exeltis*, 779 F. App'x 486, 487 (9th Cir. 2019) ("[T]he original complaint is a nullity. Expressing our views on the claims in

the original complaint would be expressing views on 'abstract propositions of law[.]'"); *Liberi v. Def. Our Freedoms Founds., Inc.*, 509 F. App'x 595, 596 (9th Cir. 2013) (dismissing appeal of issues tied to original complaint due to filing of an amended complaint).  The Panel erroneously extended the rule that dismissed claims need not be repleaded to appeal an order dismissing them: "if claims need not be repleaded to be appealable, then the order dismissing those claims is not rendered a legal nullity and merges into the final judgment."  Opinion, ECF No. 40 at 8 (citing *Lacey*, 693 F.3d at 927).  This rule applies when one set of claims is dismissed with prejudice and others continue. In contrast, amended claims nullify the previously dismissed claims, and their dismissal cannot be appealed.

The Opinion places Koss in a catch-22; it cannot appeal the district court's order as it relates to the claims of the SAC because of the filing of the SAC, yet failure to do so precludes litigation of the claims alleged in the SAC.

## C. This Court's Jurisdiction Rulings Preclude Issue Preclusion

This Court delineates between claims of amended complaints and claims of original complaints when determining appellate jurisdiction.  *See Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).  A complaint containing patent infringement claims gives district courts jurisdiction under 28 U.S.C. § 1338(a), which in turn establishes "the path of appeal giving exclusive jurisdiction" to the Federal Circuit. *Id.* at 1346.  When those patent claims are dismissed *with prejudice*,

this Court retains appellate jurisdiction. *Id.* Conversely, if the patent claims are dismissed *without prejudice*, leaving only a trade secrets claim for example, "the [district court] suit, so amended, did not arise under 28 U.S.C. § 1338(a)" and this Court no longer has appellate jurisdiction. *Id.*

This is because "the dismissal of a patent infringement claim *without prejudice* operate[s] as an amendment of the complaint, leaving in that case only a trade secrets claim." *Id.* (citing *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987)). Contrastingly, a complaint dismissed "with prejudice constitutes an adjudication of the claims on the merits, not an amendment of the complaint." *Id.* (citing *Hartley*, 869 F.2d at 1473). Judge Tigar's dismissal of the '155 Patent's claims are an adjudication on the merits, but the order inviting the SAC cannot be deemed to be evidence of the actual litigation of the claims identified in the SAC.

II. CONCLUSION

In an issue of first impression, the Panel ruled that an order dismissing claims with leave to amend, operates as an adjudication on the merits of the *amended* claims. The Opinion is contrary to Ninth Circuit precedent because actual litigation of a claim is required for issue preclusion to apply. The Opinion requires appeal of an order that, by Federal Circuit and Ninth Circuit precedent, is not permitted. In

*Exeltis,* the Ninth Circuit expressly rejected extending *Lacey* to cover claims that were subsequently amended.

The Opinion incorrectly extends *Lacey* (which holds that claims dismissed with prejudice need not be repleaded to preserve their appealability) to amended claims.

Dated: August 19, 2024

Respectfully submitted,

By: /s/ Mark G. Knedeisen
MARK G. KNEDEISEN
CHRISTOPHER M. VERDINI
RAGAE GHABRIAL
BRIAN P. BOZZO
LAURÉN S. MURRAY
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500
mark.knedeisen@klgates.com
christopher.verdini@klgates.com
ragae.ghabrial@klgates.com
brian.bozzo@klgates.com
lauren.murray@klgates.com

*Counsel for Appellant Koss*

# ADDENDUM

# United States Court of Appeals for the Federal Circuit

———————————

**KOSS CORPORATION,**
*Appellant*

**v.**

**BOSE CORPORATION,**
*Appellee*

———————————

2022-2090

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00297.

-------------------------------------------------

**KOSS CORPORATION,**
*Appellant*

**v.**

**BOSE CORPORATION,**
*Cross-Appellant*

———————————

2023-1173, 2023-1179, 2023-1180, 2023-1191

———————————

2                    KOSS CORPORATION v. BOSE CORPORATION

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00612, IPR2021-00680.

_____

Decided:  July 19, 2024

_____

MARK G. KNEDEISEN, K&L Gates LLP, Pittsburgh, PA, argued for appellant.  Also represented by BRIAN PAUL BOZZO, RAGAE GHABRIAL, CHRISTOPHER MICHAEL VERDINI, MICHELLE WEAVER.  Also represented by LAUREN S. MURRAY in Appeal No. 2022-2090.

NATHAN R. SPEED, Wolf Greenfield & Sacks, PC, Boston, MA, argued for appellee in Appeal No. 22-2090.  Also represented by GREGORY S. NIEBERG, MICHAEL N. RADER, New York, NY.

MICHAEL N. RADER, Wolf Greenfield & Sacks, PC, New York, NY, argued for cross-appellant in Appeal Nos. 2023-1173, 2023-1179, 2023-1180, 2023-1191.  Also represented by GREGORY S. NIEBERG; NATHAN R. SPEED, Boston, MA.

_____

Before HUGHES, STOLL, and CUNNINGHAM, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Koss Corp. appeals, and Bose Corp. cross-appeals, the Patent Trial and Appeal Board's decisions in IPR2021-00297, IPR2021-00612, and IPR2021-00680, involving Koss Corp.'s wireless earphone patents. Because all the claims in the patents at issue were invalidated in prior district court litigation, we find the appeals moot and dismiss.

I

A

Koss Corp. (Koss) is the assignee of U.S. Patent No. 10,368,155 (the '155 patent), U.S. Patent No. 10,469,934 (the '934 patent), and U.S. Patent No. 10,206,025 (the '025 patent). *Koss I* J.A. 135; *Koss II* J.A. 226, 258.[1] The patents' common specification discloses a wireless earphone that communicates with a digital-audio source, such as an iPod, over an ad hoc wireless network like Bluetooth. *Koss I* J.A. 154–55; *Koss II* J.A. 245–46, 277–78.

B

On July 22, 2020, Koss filed a patent infringement suit in the District Court for the Western District of Texas against Bose Corp. (Bose), alleging that Bose infringed three Koss patents: the '155 patent, the '025 patent, and the '934 patent. *Koss I* J.A. 3655. On the same day, Koss also filed an infringement action concerning the '155, '934, '025, along with other patents against Plantronics, Inc. (Plantronics). *Koss I* J.A. 7909. In response, Bose filed a motion challenging venue in the Western District of Texas. Def.'s Motion to Dismiss at 1, *Koss Corp. v. Bose Corp.*, Case No. 6:20-cv-00661, ECF No. 20 (W.D. Tex. Dec. 17, 2020). Separately, Bose petitioned for inter partes review (IPR) of all three patents before the Patent Trial and Appeal Board. *Koss I* J.A.167–278; *Koss I* J.A. 4–5.

Then, on December 10, 2020, Bose filed a declaratory judgment action in the District Court for the District of Massachusetts seeking a declaration of noninfringement of the three Koss patents asserted against Bose in the

---

[1]    For simplicity, citations to the briefs, joint appendix, and record in Appeal No. 22-2090 are prefaced by *Koss I*, while citations to the briefs, joint appendix, and record in Appeal No. 23-1173 are prefaced by *Koss II*.

4                 KOSS CORPORATION v. BOSE CORPORATION

Western District of Texas. Complaint at 1, *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 1 (D. Mass. Dec. 10, 2020). The case was stayed pending resolution of Bose's improper-venue motion in the Western District of Texas. *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 8 (D. Mass. Feb. 5, 2021).

In June 2021, the District Court for the Western District of Texas dismissed Koss's complaint against Bose for improper venue. Order, *Koss Corp. v. Bose Corp.*, Case No. 6-20-cv-00661, 2021 WL 7541417 (W.D. Tex. June 22, 2021). Upon dismissal, Koss filed a counterclaim against Bose in the District Court for the District of Massachusetts asserting infringement of the same three Koss patents. Answer and Counterclaims at 9–27, *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 14 (D. Mass. July 29, 2021).

In September 2021, the Massachusetts district court stayed the case pending resolution of the IPRs, Order, *id.*, ECF No. 30 (D. Mass. Sept. 3, 2021),which the Board instituted, *Koss I* J.A. 408–60, *Koss II* J.A. 1046–89, 11959–12012, and continued the stay until their completion, Order, *Koss Corp. v. Bose Corp.*, Civ. Action No. 1:20-cv-12193, ECF No. 33 (D. Mass. Oct. 15, 2021). The Massachusetts case remains stayed pending Bose's IPRs of the Koss patents, including the appeals of those IPRs now before us.

During this same period, Koss's district court infringement action against Plantronics—involving, among other patents, the same three patents asserted against Bose—was transferred to the Northern District of California. Order, *Koss Corp. v. Plantronics, Inc.*, Case No. 6:20-cv-00663, ECF No. 45 (W.D. Tex. May 20, 2021). Plantronics moved to dismiss Koss's First Amended Complaint on the ground that all claims of the asserted patents, including all claims of the '155, '934, and '025 patents, are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject

matter. Defs.' Motion to Dismiss First Amended Complaint at 8–17, 22–25, *Koss Corp. v. Plantronics, Inc.*, Case No. 4:21-cv-03854, ECF No. 80 (N.D. Cal. Nov. 1, 2021). The motion to dismiss was fully briefed. Response, *id.*, ECF No. 82 (N.D. Cal. Nov. 15, 2021), Reply, *id.* ECF No. 83 (N.D. Cal. Nov. 22, 2021). The district court granted Plantronics's motion, finding all claims of the asserted patents— including the '155, '934, and '025 patents at issue here— invalid under 35 U.S.C. § 101.[2] Order at 16, *id.*, ECF No. 88 (N.D. Cal. Nov. 16, 2022).

Following the district court's invalidation of all of the patents' claims, it granted Koss leave to amend. *Id*. Koss then filed a Second Amended Complaint in which it re-asserted the '934 and '025 patents against Plantronics, but limited its infringement allegations to certain claims that involved signal strength technology in the patents. Second Amended Complaint at 16–34, *id.*, ECF No. 91 (N.D. Cal. Dec. 7, 2022) (First and Second Causes of Action). Plantronics moved to dismiss the Second Amended Complaint on the ground that the asserted patents' claims are unpatentable under 35 U.S.C. § 101. Defs.' Motion to Dismiss Second Amended Complaint at 8–14, 20–25, *id.*, ECF No. 93 (N.D. Cal. Dec. 21, 2022). Again, the motion was fully briefed. Response, *id.*, ECF No. 96 (N.D. Cal. Jan. 11, 2023); Reply, *id.,* ECF No. 98 (N.D. Cal. Jan. 25, 2023).

Rather than wait for the district court to decide Plantronics's second Motion to Dismiss, Koss voluntarily stipulated to dismiss the litigation with prejudice. Stipulation at 2, *id.*, ECF No. 101 (N.D. Cal. Aug. 4, 2023). When doing so, Koss did not ask the district court to vacate its earlier order finding all claims of the asserted patents invalid. The district court subsequently entered an order formally

---

[2]    The Dismissal Order also invalidated all claims of three other Koss patents not at issue in these appeals: U.S. Patent Nos. 10,506,325; 10,757,498; and 10,848,852.

dismissing Koss's suit against Plantronics with prejudice. Order, *id.*, ECF No. 102 (N.D. Cal. Aug. 4, 2023). The deadline for Koss to appeal the district court's final judgment was September 5, 2023. *See* Fed. R. App. P. 4(a)(1)(A). Koss did not appeal.

On September 20, 2023, after the *Plantronics* dismissal, Bose moved to dismiss the appeals of the IPRs before us as moot (Appellee's Mot.), arguing that *Plantronics* invalidated the claims at issue in the appeals. *Koss I* ECF No. 30; *Koss II* ECF No. 35. Koss opposed the motions (Appellant's Opp.) and Bose replied (Appellee's Reply). *Koss I* ECF Nos. 32, 34; *Koss II* ECF Nos. 37, 39. Oral arguments in both *Koss I* and *II* occurred on February 6, 2024, addressing both the substance of the appeals and the issue preclusion issue. *Koss I* ECF No. 36; *Koss II* ECF No. 41. We have statutory jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

Issue preclusion is "a purely procedural issue" as presented here, therefore we apply the law of the regional circuit—in this case, the Ninth Circuit—with respect to the effect of a previous judgment. *RF Del., Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003).[3]

---

[3]    Our "court has developed its own law with respect to res judicata (including collateral estoppel) in non-patent cases . . . . But in patent cases, despite our exclusive jurisdiction, we have generally stated that we look to regional circuit law for general principles of res judicata." *Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1346 n.3 (Fed. Cir. 2022). Despite this ambiguity, we need not resolve which circuit's law should govern here because our law and Ninth Circuit law are, in relevant respects, the same. *See, e.g.*, *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 477 n.7 (Fed. Cir. 1991) (applying Ninth Circuit law to an issue of res judicata).

### III

The Constitution limits the "judicial power" vested in the courts to "[c]ases" or "[c]ontroversies." U.S. CONST. art. III, § 2. "It is well settled that the case-or-controversy requirement, including mootness, subsists through all stages of federal judicial proceedings, trial and appellate." *Synopsys, Inc. v. Lee*, 812 F.3d 1076, 1078 (Fed. Cir. 2016) (quotation marks omitted). "[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quotation marks omitted). Thus, if the patent claims at issue in these appeals are invalid due to the "intervening" dismissal in *Plantronics*, Koss is precluded from asserting its patents' claims—now and in the future—and these appeals are moot.

The question before us is whether the *Plantronics* district court's invalidation of all claims of the '155, '025, and '934 patents is final, as Bose contends, or was superseded by Koss's Second Amended Complaint, as Koss contends. *See Koss I* Appellee's Mot. 4; *Koss I* Appellant's Opp. 5. Typically, when a district court issues a final judgment, any interlocutory orders merge with that final judgment. For instance, in *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir. 1989) (applying Ninth Circuit law), we held that an interlocutory summary judgment of invalidity merged with the final stipulation of dismissal with prejudice. In that case, the district court granted summary judgment that an asserted patent was invalid. *Id.* at 1471. When that summary judgment order issued, it was interlocutory, or non-final, as litigation was ongoing. Subsequently, the order became final and appealable when it merged with a stipulated dismissal with prejudice, which concluded litigation. *Id.* at 1472 ("[I]ssue preclusion is likely to be based on what was *at the time* an 'interlocutory' ruling, and generally such orders become finalized upon entry of the judgment in the case."). Because the patentee neither appealed

the summary judgment order, nor sought to have it vacated by the district court, our court held that the order had preclusive effect in later litigation against a different defendant. *Id.* at 1472–74.

Koss attempts to distinguish this precedent by arguing that the district court's ineligibility ruling became a nullity on the filing of the Second Amended Complaint. Not so. The Ninth Circuit has made it clear that claims in prior dismissed complaints need not be raised in amended complaints for them to be appealable. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("[C]ourts have concluded that the plaintiff does not forfeit the right to challenge [a] dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim." (quotation marks omitted)). As the Ninth Circuit explained, a rule requiring repleading is unfair to the parties and the district court. *Id.* at 927–28. Consequently, if claims need not be repleaded to be appealable, then the order dismissing those claims is not rendered a nullity and merges into the final judgment. Contrary to Koss's understanding, its decision not to reallege all of the dismissed claims in district court did not alter its ability to appeal the district court's order regarding ineligibility as to the claims not realleged (i.e., did not render the order an unappealable nullity as to those claims). What altered Koss's right to appeal was its own voluntary decision to dismiss the case with prejudice without reserving a right of appeal.

The same facts that triggered preclusion in *Hartley* are present here. The district court's invalidity order, which was interlocutory when issued, merged with the final judgment dismissing the case with prejudice. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (A "stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits."). In other words, while the invalidity order may not have been final and appealable when it issued in November 2022, it became final and appealable in

August 2023 when Koss stipulated to the dismissal of its suit. And as in *Hartley*, Koss neither appealed the invalidation nor had it vacated. *Cf.* 869 F.2d at 1473 ("Under Ninth Circuit law, to be assured that the judgment here would have no collateral estoppel effect, Hartley would have had to have the *3M* court vacate its order, which he failed to do . . . .").

Koss's patent claims are thus invalid, removing any case or controversy and rendering these appeals moot. *See Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 339–40 (1971). We, therefore, dismiss.

## DISMISSED

### COSTS

Costs to Bose.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 2022-2090

**Short Case Caption:** Koss Corporation v. Bose Corporation

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes 3,843 words.

- ☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

- ☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/19/2024            Signature: /s/ Mark G. Knedeisen

            Name: Mark G. Knedeisen

Save for Filing